**STATE, ex rel. DINELLA, Plaintiff-Relator, v.**
**JUSTICE OF THE PEACE et, Defendant-Respondent.**

Ohio Appeals, Sixth District, Wood County.

No. 763.   Decided December 10, 1951.

Cobourn, Notnagel, Smith & Moran, Toledo, Bowman, Hanna & Middleton, Bowling Green, for relator.

Floyd A. Coller, Pros. Atty., Bowling Green, for respondent.

(SKEEL, PJ, HURD, J, THOMPSON, J, sitting by designation from 8th Appellate District.)

**OPINION**

By SKEEL, PJ.

This is an original action in this Court, seeking a writ of prohibition preventing the respondent from proceeding with the trial of an action filed in his Court, styled, State of Ohio v. Joseph Dinella.   The facts in this case are not in dispute and are established by admissions in the pleadings or by stipulation.

The relator was charged in the respondent's court with a violation of §13032 GC.   It is alleged in his petition for a writ of prohibition that the respondent, Earl E. Bailey, is the

duly elected and presiding Justice of the Peace for Plain Township, Wood County, Ohio, and that on February 5, 1951, a proceeding was filed in his Court charging the relator with having used licentious and obscene language in the presence of Mrs. Robert Leady, a female person, by words spoken to her over the telephone and heard by her at her residence at 705 Fifth Street, Bowling Green, Ohio, which is in Center Township, in which township there is a duly elected and qualified Justice of the Peace. Upon the relator's arrest (without a warrant at the residence of the prosecutrix) he was taken before the respondent on complaint of the party injured, for a hearing on said charge. He plead guilty and was fined $200.00 and sentenced to six months imprisonment, five months of which were suspended upon condition that he leave Bowling Green at the expiration of one month's imprisonment.

A motion for new trial was filed and execution of sentence was arrested pending a hearing thereon, and defendant released on a $500.00 bond. It is further alleged that the Justice of the Peace of Plain Township is without jurisdiction to entertain the cause of action herein charged against the relator and unless prohibited will act beyond his jurisdiction.

The facts upon which the petition of the relator is based being undisputed, two questions of law are presented:

1. Where is the situs of the crime charged against relator?

2. Does a Justice of the Peace of Plain Township have jurisdiction under the circumstances of a crime alleged committed in Center Township?

The jurisdiction of a justice of the peace is as provided by statute, §13422-2 GC, which in part provides:

"A justice of the peace shall be a conservator of the peace and have jurisdiction in criminal cases throughout the township in which he is elected and where he resides, and county-wide jurisdiction in all criminal matters only upon affidavit or complaint filed by the prosecuting attorney or upon affidavit or complaint made by the sheriff, the party injured, or any authorized representative of a state of federal government, in the event there is no other court of concurrent jurisdiction other than the common pleas court, police court, or mayor's court. * * *."

This part of the section, in dealing with the jurisdiction of a justice of the peace in criminal matters, seeks to make available to the county prosecutor, the law enforcing officer of the state or federal government, or the party injured, who institutes the prosecution, the right to prosecute a criminal action in the court of any justice of the peace elected within

any township of the county, except where another court of concurrent jurisdiction is provided by law with county-wide jurisdiction, or within the township wherein the action arose.

The words "there is no other court" refers to courts other than that of a justice of the peace. The limited interpretation contended for by relator that only in the event a township is without a justice of the peace, is county-wide jurisdiction conferred upon other justice courts, cannot be sustained.

Under the admitted facts of the case, there being no court other than the common pleas court, or the mayor's court, in the county, with county-wide concurrent jurisdiction with that of a justice of the peace or of concurrent jurisdiction, in Plain or Center Townships, the respondent is vested with authority to hear and determine the issues in the case of State of Ohio v. Joseph Dinella, the complaint having been made by the person alleged to have been injured by the alleged unlawful conduct of defendant.

Having come to this conclusion, we find it unnecessary to determine the situs of the crime, that is, whether it occurred in Center Township, where it is alleged the prosecutrix heard the unlawful conversation of defendant, or in Plain Township from which the answer alleged the defendant made the call. We are of the opinion, however, that the situs of the crime was the township where the prosecutrix was when she received the telephone call. It was there that the words were spoken in her "hearing."

In denying the writ of prohibition, we do not want to be understood as giving approval to the arrest of a defendant for a misdemeanor by a police officer, without a warrant, where the alleged criminal conduct of the defendant did not take place within the view of the arresting officer.

The writ is denied. Exceptions. Order see journal.

HURD, J, THOMPSON, J, concur.

THOMPSON, J., concurs in the decision on the ground that the offense was committed as well in Plain Township where the words were uttered, as in Center Township where the words were heard.